UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JULIE TREST                                                                                              PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:14-cv-302-CWR-FKB

CAROLYN W. COLVIN
Commissioner, United States Social Security Administration                        DEFENDANT


REPORT AND RECOMMENDATION


This cause is before the undersigned for a report and recommendation as to Plaintiff's Motion for Summary Judgment [9] and Defendant's Motion for an Order Affirming the Decision of the Commissioner [11]. Having considered the record in this matter, the undersigned recommends that Plaintiff's motion be denied and Defendant's motion be granted.

## HISTORY

Plaintiff's application for social security disability and disability insurance benefits was denied initially and upon reconsideration, as well as denied by an Administrative Law Judge (ALJ) on January 22, 2013, and the Appeals Council on February 28, 2014. [8] at 1, 20.[1] Plaintiff was 51 years old at the time of the hearing before the ALJ, making her a person "closely approaching advanced age" for social security purposes. *Id.* at 18. Plaintiff has a limited education, and before claiming to be disabled, had no past relevant work experience. *Id.*

---

[1]References herein are to the administrative record as originally paginated.

Following the applicable five-step analysis,[2] the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of February 15, 2008 (step 1), and had severe impairments of history of interstitial lung disease, hypertension, complaints of back pain, an anxiety disorder and a depressive disorder (step 2). *Id.* at 12. The ALJ concluded that Plaintiff's impairments were not as severe as any impairment listed as presumptively disabling in the applicable regulations (step 3). *Id.* The ALJ then determined that Plaintiff retained the residual functional capacity (RFC) to perform light work, "except with no climbing of ladders, ropes or scaffolds, occasional climbing of ramps or stairs, no concentrated exposure to extreme cold, extreme heat, wetness or humidity or pulmonary irritants such as fumes, odors, dust, gases, poorly ventilated areas or chemicals, and she is limited to the performance of simple, routine and repetitive tasks with only occasional interaction with the public, coworkers and supervisors." *Id.* The ALJ determined that Plaintiff had no past relevant work so transferability of skills was not an issue (step 4). *Id.* at 18. At step 5, utilizing the testimony of a vocational expert (VE), the ALJ determined that Plaintiff was capable of performing work available and therefore not disabled. *Id.* at 19.

---

[2] "In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). If, at any step, the plaintiff is determined to be disabled or not disabled, the inquiry ends. The plaintiff bears the burden through the first four steps of the analysis. At the fifth, the defendant must show that there is other substantial work in the national economy that the claimant can perform. *See, e.g., Myers v. Apfel*, 238 F.3d 617, 619-620 (5th Cir. 2001).

**STANDARD OF REVIEW**

When considering social security appeals, this Court's review is limited to determining whether substantial evidence supports the findings made by the Social Security Administration and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Adler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988)*; Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld.

## THE ISSUES PRESENTED

**1.     Vocational Expert Testimony versus The Dictionary of Occupational Titles**

Plaintiff contends that the ALJ committed reversible error by relying on the testimony of the vocational expert (VE) in determining that there are jobs she can perform. Plaintiff argues that the VE's testimony was inconsistent with the descriptions of the jobs found in the Dictionary of Occupational Titles (DOT) and that it was error to rely on the testimony without explaining the discrepancies. Plaintiff further argues that the VE's opinion was based on assumptions and definitions at odds with social security regulations.

The DOT identifies, *inter alia*, the reasoning development required to perform a particular job. Reasoning development is defined on a scale of 1 to 6, with level 1 being the lowest and level 6 being the highest. The VE in this case testified that Plaintiff could work as a page (DOT No. 249.687-014), a router (DOT No. 222.587-038), or a storage rental clerk (DOT No. 295.367-026). The page and router jobs list the requisite reasoning level as 2, while the storage rental clerk job identifies the reasoning level required as 3. The DOT describes the three reasoning development levels at issue as follows:

> LEVEL 3: Apply commonsense understanding to carry out instructions furnished in written, oral or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.
>
> LEVEL 2: Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.
>
> LEVEL 1: Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

*Dictionary of Occupational Titles*, App. C (rev. 4th ed. 1991). Plaintiff argues that her RFC limitation

to simple, routine and repetitive tasks necessarily limits her to jobs with a reasoning level of 1, and therefore, she cannot perform any of the jobs listed by the VE in this case.

Social Security Ruling (SSR) 00-4p requires that an ALJ inquire as to whether a VE's testimony is consistent with the DOT. The ALJ did inquire on the record in this case and received an affirmative response from the VE. [8] at 73. Plaintiff argues that there is an apparent conflict in this case between the vocational expert's testimony and the DOT such that the ALJ had to resolve the inconsistencies on the record. However, as SSR 00-4p notes: "The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. A VE, VS, or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT."

Plaintiff's attorney questioned the VE on the record regarding Plaintiff's ability to perform the jobs at issue:

> Q. Finally, in his honor's first hypothetical he mentions simple repetitive tasks. The jobs you identified that all fit within that hypothetical question, which limits the work–
>
> A. Right.
>
> Q. –to those occupations that only involve simple, repetitive tasks? Is that correct?
>
> A. Correct.
>
> Q. Okay. These jobs would not require the person to follow detailed written or oral instructions, would they?
>
> A. No, they don't have to follow written–
>
> Q. Okay.
>
> A. –written instructions.

> Q. Okay. So the types of jobs that you identified as simple and repetitive are those where the worker is called upon to carry out simple, one–, two-step instructions with little or no variation. Is that correct?
>
> A. Correct.

[8] at 76-77. Contrary to Plaintiff's assertion that this testimony established the conflict, the Court concludes that this testimony, if anything, clarifies the VE's testimony that Plaintiff could perform these particular jobs.

A reasoning level of 2 is consistent with a limitation to simple and routine tasks. Two of the jobs given by the VE require a reasoning ability level of 2, and all are classified as unskilled. Plaintiff could, with her RFC as determined by the ALJ, perform unskilled work. Plaintiff's limitation to simple instructions and repetitive tasks does not preclude these jobs. "[C]ases either hold or intimate that a limitation to simple and repetitive tasks is *consistent* with a reasoning level of 2." *Gaspard v. Social Security Administration*, 609 F. Supp. 2d 607, 617 (E.D. Tex. 2009)(emphasis in original); see also *Ealy v. Colvin*, 2014 WL 3928193 at *3 (S.D. Miss. Aug. 12, 2014) (finding limitation to simple and routine, repetitive tasks consistent with ability to perform job with a reasoning level of two); *Smith v. Colvin*, 2014 WL 1407437 at *4 (N.D. Tex. Mar. 2014) (noting that the weight of authority supports the determination that a limitation to simple, routine, repetitive tasks is consistent with the ability to perform jobs with a reasoning level of two or three) (citing *Coleman v. Colvin*, 2013 WL 5353416, at *4 (N.D. Tex. Sept. 25, 2013)); *Melton v. Astrue*, 2012 WL 1004786, at *2-*3 (N.D. Miss. Mar. 26, 2012) (limitation to "simple, routine, repetitive tasks involving only simple work related decisions" consistent with performance of work with a reasoning level of two); *Fletcher v. Astrue*, 2010 WL 1644877, at *4 (N.D. Tex. Mar. 31, 2010) (observing that "[c]ourts have

acknowledged that the ability to perform non-complex work is consistent with reasoning level two").[3] Accordingly, Defendant met her burden to establish that there are jobs Plaintiff can perform.

**2.      Severe Impairment**

Plaintiff next argues that the ALJ applied the improper definition of a severe impairment for social security purposes. Applicable case law defines a non-severe impairment as one that would not effect a claimant's ability to work, while the ALJ in this case defined a non-severe impairment as one that would no more than minimally effect a claimant's ability to work. *See Stone v. Heckler*, 752 F.2d 1099, 1104-05 (5th Cir. 1985)(impairment is not severe "only if it is a slight abnormality having such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work"). The *Stone* Court stated that in the future, it would assume that the ALJ had applied an incorrect standard "unless the correct standard is set forth by reference to [the *Stone* opinion] or another of the same effect, or by an express statement that the construction [given by the *Stone* court] to 20 C.F.R. § 404.1520(c) is used." *Id.* at 1106. The ALJ in this case did not cite *Stone*, but cited the applicable regulation, 20 C.F.R. § 404.1520. Plaintiff claims that she was prejudiced by the ALJ's application of the incorrect standard in that the ALJ failed to consider her back pain a severe impairment. However, the ALJ did find Plaintiff's complaints of back pain to be a severe impairment. [8] at 12.

As discussed in *Acosta v. Astrue*, 865 F. Supp. 2d 767, 782-83 (W.D. Tex 2012), there are cases holding that the definition of a non-severe impairment as having no more than a minimal effect

---

[3]This case is distinguishable from *Lloyd v. Astrue*, 2012 WL 3685967 (S.D. Miss. June 21, 2012), which was remanded for further development of the record where a VE testified that a claimant with a described reasoning level of 1 could perform jobs with a reasoning level of 3. Two of the jobs the VE identified in this case have a reasoning level of two.

on a claimant's ability to work is consistent with the standard adopted by the Fifth Circuit in *Stone,* as well as cases holding that it is not.  Even if, though, the ALJ failed to cite the correct standard, reversal is not mandated.  *Stone* created only a presumption, and where the ALJ's written decision otherwise indicates that the ALJ applied the correct standard, or where the substantial rights of the plaintiff are not affected, the failure of the ALJ to cite to *Stone* or track its precise language does not require remand.  *See Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012); *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986); *see also LeBlanc v. Chater*, 83  F.3d 419, 1996 WL 197501, at *3 (5th Cir. 1996) (unpublished table decision) (per curiam).  In this case the record reflects that the ALJ did apply the correct standard, and did in fact consider Plaintiff's complaints of back pain a severe impairment.  Therefore, reversal is not warranted.

## CONCLUSION

Accordingly, for the reasons stated above, the undersigned recommends that Plaintiff's Motion [9] be denied and Defendant's Motion [11] for an Order Affirming the Decision of the Commissioner be granted.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636.

Respectfully submitted, this the 26th day of May, 2015.

/s/   F. Keith Ball
UNITED STATES MAGISTRATE JUDGE