UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JULIE TREST**                                                                                                     **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 3:14-cv-302-CWR-FKB**

**CAROLYN W. COLVIN**
**Commissioner, United States Social Security Administration**             **DEFENDANT**

## ORDER

      Before the Court is the Report and Recommendation of United States Magistrate Judge Keith F. Ball. Docket No. 14. After reviewing Plaintiff Julie Trest's complaint along with her Motion for Summary Judgment, Docket No. 9, and Defendant's Motion to Affirm *Commissioner's* Decision, Docket No. 11, Judge Ball recommended denying summary judgment and affirming the decision of the Commissioner. Trest objected. Docket No. 15.

      The undersigned has considered Trest's objection. In it, Plaintiff fails to demonstrate how she was unlawfully prejudiced by the Administrative Law Judge's ("ALJ") decision to deny her claim of disability. The Commissioner's decision is supported by substantial evidence and must be affirmed. *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007). The ALJ utilized testimony of the vocational expert in determining that Plaintiff retained the residual functional capacity to perform light work and therefore was not disabled. The argued discrepancies in the vocational expert's testimony regarding jobs Plaintiff was able to perform and the Dictionary of Occupational Title's ("DOT") description of job level demands are immaterial. *See Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000) (reasoning that the majority of circuits agree that "the ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so"). The standardized job information listed in the DOT is advisory

and not binding on the ALJ. *See id*. ([A]ll kinds of implicit conflicts are possible and the categorical requirements listed in the DOT do not and cannot satisfactorily answer ever such situation."). Furthermore, as the Magistrate Judge concludes, the Court is not persuaded that the facts of this case present a true conflict between the DOT and the vocational expert's testimony, as both limit her performance capability to unskilled work, which entails simple and routine tasks. *See* Docket No. 14, at 6. The assigned reasoning level of 2 is consistent with these limitations.

Accordingly, the Court adopts the findings and conclusions in the Report and Recommendation as this Court's own. The Plaintiff's Motion [9] for Summary Judgment is denied and Defendant's Motion [11] for an Order Affirming the Decision of the Commissioner is granted.

A separate Final Judgment will issue this day.

**SO ORDERED**, this the 8th day of September, 2015.

> s/ Carlton W. Reeves
> UNITED STATES DISTRICT JUDGE